IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE A. JOHNSON, :
    Plaintiff :
:
    vs. : CIVIL NO. 1:CV-09-0267
:
WARDEN DOMINICK DEROSE, et al., : (Judge Caldwell)
:
    Defendants : Magistrate Judge Carlson

*M E M O R A N D U M*

I. *Introduction*

    The pro se plaintiff, George A. Johnson, formerly a pretrial detainee at the Dauphin County Prison, filed this civil rights action pursuant to 42 U.S.C. § 1983 arising from a lockdown at the prison after "a fight occurred with some inmates." (Compl., Part IV ¶ 1).[1] Plaintiff makes five claims, a First Amendment free-exercise claim, a First Amendment access-to-the-courts claim, a conditions-of-confinement claim invoking the Eighth Amendment, a due-process claim based on a failure to give him a timely disciplinary hearing, and a claim that daily cell searches were improperly conducted.

    We are considering the magistrate judge's report and recommendation recommending that the action be dismissed because Plaintiff has failed to comply with court orders in relation to the defendants' motion to dismiss and because the magistrate judge believes Plaintiff is refusing to accept his mail in this case. The magistrate judge

---

[1] Plaintiff was in the Dauphin County Prison while criminal proceedings were pending against him in this court. S*ee United States v. Johnson*, No. 1:CR-08-00141 (M.D. Pa.). On June 1, 2009, we sentenced him to 168 months' imprisonment.

also recommends dismissal by agreeing with the defendants that Plaintiff fails to state claims upon which relief may be granted.

Plaintiff has filed objections to the report. These objections cast this case in a light unavailable to the magistrate judge when he recommended dismissal. Thus we decline the magistrate judge's recommendation that the case be terminated. However, we will require Plaintiff to file a second amended complaint.

II. *Background and Procedural History*

On February 10, 2009, Plaintiff filed his original complaint. It named as defendants Dominick DeRose, the warden at the Dauphin County Prison; deputy warden Nichols; and Jeffrey Haste, a member of the county prison board. The complaint alleges the following. "On May 29, 2008, a fight [o]ccurred with some inmates" at about 7:30 p.m. to 8:00 p.m. on Plaintiff's cell block. (Doc. 1, Compl. Part IV ¶ 1). At the time, Plaintiff was locked in his cell because his recreation time was over, and he therefore could not have been involved in the fight. (*Id.*). Plaintiff identified Geoffrey Timothy as the officer on the block that night. (*Id.*).

Plaintiff does not directly say so, but as a result of the fight, the block was put in lockdown, including Plaintiff. The lockdown appears to have lasted at least three weeks. (*Id.* ¶ 2). During this time, the inmates asked the block officers if they could see a "white shirt," a lieutenant, a captain or a deputy warden, someone of "high rank," but the request was refused, and they were told that if they kept on asking, they would stay in lockdown. (*Id.*). The block caseworker also refused to do anything. (*Id.*).

Plaintiff alleges that "[o]n June 16, they took all of our belongings and left us with only a jail jumpsuit, shower shoes and a blanket. We had no underwear, no washcloth, no toothpaste, no deodorant, no soap, no cup, no writing (sic), no toilet tissue,

no sheets, . . . no access to the phone, no law library," and no nutritious food (cold cuts were eaten three times a day).  (*Id.* ¶ 3).  For these conditions of confinement, Plaintiff alleges a violation of his Eighth Amendment rights and seeks $25 million in damages.

Plaintiff is proceeding in forma pauperis, so the magistrate judge initially assigned to this case reviewed the original complaint for legal sufficiency.  In his order of March 10, 2009, the magistrate judge noted that a civil-rights complaint requires allegations showing the personal involvement of the named defendants, and Plaintiff had failed to make those allegations.  The magistrate judge did not note any other deficiency in the original complaint.  The order granted Plaintiff leave to file an amended complaint by March 30, 2009, making the necessary allegations of personal involvement against "any and all defendants" Plaintiff "wishe[d] to name in this action."  The order required the amended complaint to be a complete and entirely new pleading.  In part, the order also required Plaintiff to comply with Fed. R. Civ. P. 8(a), 10(b), and 8(e).

Plaintiff moved for an extension of time to file the amended complaint, on the basis in part that he had been transferred to Franklin County Prison.  The magistrate judge extended the deadline to April 24, 2009.

Plaintiff filed his amended complaint on April 8, 2009.  It named as defendants Warden DeRose, the Dauphin County Prison, and correctional officer (CO) Timothy.  As to the personal involvement of each defendant, Plaintiff alleges that the prison is where the incident occurred, that Timothy was the officer on duty who reported the incident and "ordered the lock down and searches which was (sic) handed down by Warden DeRose," and that "Warden DeRose was on the block that told (sic) Correctional Officer . . . Timothy to lockdown the block[,] search[,] and remove all belongings."  (Doc. 13, Am. Compl. ¶ 2(c)).

3

Plaintiff then made the following claims for the period of lockdown. First, his First Amendment right to the free exercise of religion was violated because he had "no access to [a] Bible or religious mass." (*Id.*, ¶¶ 3 and 4). Second, his First Amendment right of access to the courts was violated because he was denied "access to legal documents," and his "legal mail and material" was "interfered with," which "caused [him] to plea[d] guilty to [his] charge." (*Id.* ¶ 4). Third, his Eighth Amendment rights were violated in the following ways: (1) he was denied "certain hygiene items," (*id.* ¶ 3(a)), "no towel, no toilet paper, no water for 24 hrs . . ." (*id.* ¶ 5);[2] (2) he was allowed "no phones" or "visits" to keep in contact with his family, (*id.*), (3) correctional officers "intentionally or recklessly" engaged in "extreme and outrageous conduct" . . . "during daily cell searches" and when taking Plaintiff to the showers "barefoot and handcuffed with shackles . . . ." (*Id.* ¶ 6). Fourth, his due-process rights were violated because "no charges" were ever brought outside the prison and Plaintiff had "no disciplinary hearing until after 60 days." (*Id.* ¶ 5). No demand for damages or any other type of relief was made in the amended complaint.

On April 22, 2009, upon review of the amended complaint, the magistrate judge noted that Plaintiff had failed in part to comply with his March 10, 2009, order because the amended complaint had not been drafted so that it could stand on its own, as Plaintiff was apparently relying on factual averments in the original complaint. The magistrate judge then decided that the case could proceed on the basis of the original and the amended complaint and ordered service of both pleadings.[3]

---

[2] Plaintiff also mentions "food" as a violation, (*id.* ¶ 3(b)), an apparent reference to the original complaint's averment that he was forced to eat cold cuts three times a day.

[3] The magistrate judge could have insisted on a completely new complaint, but allowing the case to proceed on both pleadings was proper. *Cf. Payne v. DeLuca*, 433 F. Supp. 2d 547, 606 n.62 (W.D. Pa. 2006)("an amended complaint supersedes the original complaint in its entirety unless the amended complaint specifically refers to or adopts the original").

4

On June 22, 2009, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and a brief in support was filed on July 7, 2009. Plaintiff filed no brief in opposition, which was due on July 26, 2009, as required by the version of Local Rule 7.6 then in effect.

Some five weeks after Plaintiff's opposition was due, on September 1, 2009, the case was reassigned to the magistrate judge currently handling the matter. On the same day, the magistrate judge issued an order requiring Plaintiff to respond to the motion to dismiss by September 25, 2009, or be deemed not to oppose the motion. The magistrate judge attached a copy of the defendants' motion and supporting brief to the order.

On September 15, 2009, Plaintiff filed a motion for extension of time to oppose the dismissal motion, asserting that the dismissal motion had been served on him on September 12, 2009. By way of an order dated September 18, 2009, the magistrate judge granted the motion, extending the deadline to October 13, 2009. On September 28, 2009, this order was returned to the court, marked on the envelope in what appears to be standard postal service typewritten form: "Return to Sender--Refused–Unable to Forward." (Doc. 29). Plaintiff did not file any opposition to the dismissal motion.

On October 19, 2009, the magistrate judge submitted the report and recommendation we are considering here. The report recommends the following. First, Plaintiffs' claim in his original complaint for damages in the amount of $25 million should be stricken because it violates Local Rule 8.1 as a demand for liquidated damages in a specific sum.

Second, the case should be dismissed without leave to amend because Plaintiff defaulted on several deadlines for filing his opposition to the dismissal motion (some imposed by court order), after having been advised of the consequences of not

5

doing so.  Further, he is now refusing to accept mail from the court setting schedules for litigating the case, and this refusal warrants dismissal under the "principle of futility" as further leave to amend would be pointless when Plaintiff is refusing mail from the court. In part, the magistrate judge cites *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004), where the Third Circuit said a district court should grant leave to amend if it was possible for a plaintiff to cure deficiencies in his pleading by making additional averments, but not if it would be "futile" to do so if additional averments could not cure the defects.

Third, the case should be dismissed because Plaintiff fails to state claims upon which relief may be granted.  In an adoption of the defendants' argument, the First Amendment free-exercise claim was invalid because, relying on *DeHart v. Horn*, 227 F.3d 47, 51 (3d Cir. 2000), Plaintiff had failed to allege a belief that is "both sincerely held and religious in nature."  It was also defective because under *Williams v. Morton*, 343 F.3d 212, 217 (3d Cir. 2003), a free-exercise claim has to allege that a prison rule or practice was not reasonably related to legitimate penological interests.  The Eighth Amendment conditions-of-confinement claim was invalid because Plaintiff fails to allege the personal involvement of the individual defendants, Warden DeRose and CO Timothy, in any constitutional violation; Plaintiff merely alleges that the warden ordered a lockdown after an inmate disturbance and that Timothy was on duty at the time of the lockdown. As to these defendants, the magistrate judge also seems to assert that Plaintiff fails to allege the requisite state of mind for an Eighth Amendment violation, deliberate indifference.  As to the county prison, it is not a person subject to suit under section 1983, and as to Dauphin County itself, Plaintiff fails to allege the requisite custom or policy for municipal liability.  The magistrate judge did not address the other claims, although the defendants had briefed the validity of the First Amendment access-to-the-courts claim.[4]

---

[4] Neither the magistrate judge nor the defendants addressed the due-process claim.

On October 27, 2009, Plaintiff filed a "notice of objection" to the report and a "motion for extension of time to file pleadings" to the magistrate judge's report. In the extension motion, Plaintiff essentially asserted that any orders from the magistrate judge requiring him to act in the case go through the warden first and Plaintiff never received those orders. Consequently, he had not refused any mail the magistrate judge had sent him.

We granted Plaintiff's motion for an extension of time so that he could file objections to the report. In his objections, Plaintiff asserts that he is in receipt of no "notice nor service of a claim by the o[p]position averring service upon him of their filings and pleadings for which the Magistrate reliled [sic]." (Doc. 35, "Exception" to the report, ¶ 2). He also asserts that the magistrate judge did not show that Plaintiff had received the defendants' motion and brief, so that the recommendation is ex parte. Additionally, he asserts that there is indeed a "genuine controversy" between the parties as to whether his civil rights were violated. Plaintiff requests that we either reject the magistrate judge's report or dismiss his case without prejudice so that he can obtain the assistance of counsel or a layperson with more knowledge of the law. (Presumably, Plaintiff would then start over with another lawsuit.)

Defendants filed a brief in opposition to Plaintiff's objections, arguing on the following grounds that we should adopt the magistrate judge's recommendation and dismiss the case. First, the magistrate judge is correct in asserting that dismissal is proper based Plaintiff's procedural defaults and refusal to accept mail. Hence, "Plaintiff's Amended Complaint should be dismissed with prejudice because any amendment would be futile." (Doc. 36, Opp'n Br. at p. 6).

Second, the amended complaint fails to state a claim upon which relief may be granted. As to the First Amendment free-exercise claim, the defendants reiterate the

7

argument they made in their dismissal motion, an argument adopted by the magistrate judge. As to the First Amendment access-to-the-courts claim, unaddressed by the magistrate judge, they also rely on the argument they made in their dismissal motion, that Plaintiff fails to state a claim because he does not allege that "a non-frivolous legal claim had been frustrated or was being impeded," citing *Rivera v. Chesney*, 1998 WL 639255, at *2, 1998 U.S. Dist. Lexis 14619 (E.D. Pa.)(quoted case omitted). As to the Eighth Amendment conditions-of-confinement claim, the defendants argued it was deficient because: (1) Plaintiff failed to allege facts supporting an inference of deliberate indifference by the defendants; (2) the conditions in "disciplinary segregation" were not "atypical" for an inmate to be subjected to, nor were there threats to his health or safety; and (3) Plaintiff failed to allege the defendants' personal involvement in any violation.

III.    *Discussion*

    A.    *Standard of Review*

When a magistrate judge makes a proposed finding of fact or recommendation for disposition, the district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b).

In considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d. Cir. 2009)(quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d. Cir. 2008)). Generally, the court can only look at Plaintiff's complaint, but it can look to other things,

such as public records. *Delaware Nation v. Pennsylvania*, 446 F.3d 410, 413 n.2 (3d Cir. 2006).

To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, __, U.S. __, __, 129 S. Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

However, "[a] document filed *pro se* is to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 160 L.Ed.2d 1081 (2007)(quoted case and internal quotation marks omitted), and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.*, 127 S.Ct. at 2200 (quoted case and internal quotation marks omitted). Pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

### B. Procedural Defaults and Refusal to Accept Mail

The magistrate judge recommends that the case be dismissed because Plaintiff defaulted on several deadlines for filing his opposition to the dismissal motion, some imposed by court order. Additionally, dismissal should be without leave to amend as Plaintiff is now refusing to accept mail from the court setting schedules for litigating the case, so leave to amend would be futile.

9

We will not follow this recommendation because we have new information, Plaintiff's allegation in his extension motion that he never received the magistrate judge's orders setting deadlines and thus could not have refused mail from the magistrate judge. In his objections, Plaintiff also indicates that he wants to pursue his claims since he has requested that we either reject the magistrate judge's recommendation, or dismiss the case so that he can obtain assistance from someone with more legal knowledge, presumably to start over again with another lawsuit. In these circumstances, we will continue with the litigation of Plaintiff's claims in this lawsuit.[5] In doing so, we will allow the First Amendment free-exercise claim and the conditions-of-confinement claim to proceed as pleaded, but we will allow the defendants to file another motion to dismiss on the latter claim. We will dismiss the access-to-the-courts claim without leave to amend and dismiss the improper-searches and disciplinary-hearing claims, but with leave to amend the latter two claims.

C. *The First Amendment Free-Exercise Claim*

Plaintiff asserts that the defendants violated his First Amendment free-exercise rights by denying him access to a Bible and Mass. Citing *DeHart v. Horn*, 227 F.3d 47, 51 (2000), the defendants argue this claim fails because Plaintiff did not plead he has a belief that is both sincerely held and religious in nature. *DeHart* establishes that Plaintiff must prove that he has a belief that is both sincerely held and religious in nature, but it does not control here because it is not a pleading case. Because Plaintiff is pro se

---

[5] It also seems to us that the magistrate judge should have conducted an analysis under *Poulis v. State Farm Fire and Cas. Co.,* 747 F.2d 863, 867-68 (3d Cir. 1984), to determine if dismissal was proper, whether for Plaintiff's failure to meet deadlines, refusing to accept mail, or a combination of both. When the magistrate judge says the case should be dismissed for those reasons, he is really saying the case should be dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute or to comply with the rules of procedure or a court order. A Rule 41(b) dismissal is governed by the six-factor *Poulis* test. *See Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008); *Barger v. Walton*, 260 F. App'x 476, 477 (3d Cir. 2008)(per curiam) (nonprecedential).

and we must liberally construe his pleading, this is not a ground for rejecting the free-exercise claim.

The defendants also argue that this claim fails because Plaintiff does not allege that a prison rule or practice was not reasonably related to legitimate penological interests. We reject this argument because a free-exercise claim does not have to involve a prison rule or practice. It can depend upon conduct directed to an inmate individually. *See Heleva v. Kramer*, 214 F. App'x 244, 246 n.1 (3d Cir. 2007)(per curiam)(nonprecedential) (citing *Ford v. McGinnis*, 352 F.3d 582, 595 n.15 (2d Cir. 2003)). The free-exercise claim will therefore be allowed to proceed.[6]

### D. *Conditions-of-Confinement Claim*

Plaintiff makes a conditions-of-confinement claim arising from his cellblock being placed on lockdown on May 29, 2008, after a fight involving some inmates on the block and then about two weeks later on June 16 having all of their belongings taken, being left with only a jail jumpsuit, shower shoes and a blanket, and no underwear, washcloth, toothpaste, deodorant, soap, cup, toilet tissue, sheets, or nutritious food (cold cuts were eaten three times a day). Plaintiff also complains he had no access to a phone or the law library, was denied visits, had no water for twenty-four hours, and when taken to the showers, was barefoot and handcuffed with shackles.

Plaintiff bases this claim on the Eighth Amendment, and the defendants also rely on the Eighth Amendment, on the assumption that an Eighth Amendment analysis applies to pretrial detainees as well as to convicted inmates. We disagree with the parties' approach. A pretrial detainee is protected by the Due Process Clause (here

---

[6] Plaintiff may also have a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). 42 U.S.C. §§ 2000cc to 2000cc-5. See *Heleva, supra,* 214 F. App'x at 247 n.2.

11

in the Fourteenth Amendment), not the Eighth Amendment. *Hubbard v. Taylor*, 399 F.3d 150, 157-58, 164 (3d Cir. 2005). And the analysis is different. Under the Due Process Clause, we must determine whether the conditions of confinement were intended as punishment. If not, we must then determine if the conditions were reasonably related to a legitimate goal and whether they appear excessive in relation to that goal. *Id.* at 158. We should defer to the expert judgment of prison officials when determining that conditions "are reasonably related to the Government's interest in maintaining security and order and operating the institution in a manageable fashion . . . ." *Id.* at 159 (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 n.23, 99 S.Ct. 1861, 1875 n.23, 60 L.Ed.2d 447 (1979)). And when the institution's security is involved, we need not distinguish between pretrial detainees and convicted inmates. *Bell*, *supra*, 441 U.S. at 546-47 and n.28, 99 S.Ct. at 1878 and n.28.

The defendants have argued Plaintiff fails to state a claim for three reasons. First, Plaintiff failed to allege facts supporting an inference of deliberate indifference by the defendants. However, deliberate indifference is part of an Eighth Amendment analysis; it plays no part in a due-process claim. Second, the defendants argue the conditions in "disciplinary segregation" were not "atypical" for prison life. This analysis is based on *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995)(a liberty interest can only be recognized if the defendants' actions imposed a "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). However, *Sandin* applies only to convicted inmates, not pretrial detainees. *Stevenson v. Carroll*, 495 F.3d 62, 69 n.4 (3d Cir. 2007). Third, the defendants contend Plaintiff failed to allege the defendants' personal involvement in any violation. We reject this contention. Plaintiff avers that the warden was on the block the night of the fight and ordered the lockdown. We think this allegation sufficient to allege the personal

involvement of the warden. Likewise, the allegation that defendant Timothy in turn enforced the lockdown is sufficient for his involvement.

The defendants have presented no legal argument why the due-process claim should not proceed, having relied on the Eighth Amendment instead. In these circumstances, we will not dismiss the conditions-of-confinement claim. However, we will grant the defendants leave to file another dismissal motion if they believe that Plaintiff's claim fails as a due-process one.

E. *The Claim of Improper Searches*

Plaintiff alleges that correctional officers "intentionally or recklessly" engaged in "extreme and outrageous conduct" . . . during daily cell searches." (Am. Compl. ¶ 6). An inmate has no Fourth Amendment right against a cell search, *see Hudson v. Palmer*, 468 U.S. 517, 530, 104 S.Ct. 3194, 3202, 82 L.Ed.2d 393, 405 (1984), but if cell searches are performed as a form of harassment, they could violate the Eighth Amendment. 468 U.S. at 530, 104 S.Ct. at 3202, 82 L.Ed.2d at 405. *See also Smith v. Lucas*, No. 05-1747, 2007 WL 1575231 at *6 (M.D. Pa. May 31, 2007). We think that such searches could also possibly violate the due-process rights of a pretrial detainee. However, Plaintiff has not provided sufficient factual specificity about the searches. We will grant him leave to amend this claim to provide the facts he believes supports his conclusion that the searches were, in his words, "extreme and outrageous." He must also name as defendants those who had personal involvement in the searches.

F. *The First Amendment Access-To-The-Courts Claim*

Plaintiff alleges his First Amendment right of access to the courts was violated because he was denied "access to legal documents," and his "legal mail and material" was "interfered with," which "caused [him] to plea[d] guilty to [his] charge." (Am.

13

Compl. ¶ 4). Plaintiff does not aver what charge he pled guilty to but a fair inference is that it was the charge in the criminal proceedings in this court.

Plaintiff fails to state a claim. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court ruled that a section 1983 claim for damages arising from a criminal conviction does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87, 114 S.Ct. at 2372 (footnote omitted). Plaintiff's conviction has not been vacated.[7] Hence he has no access-to-the-courts claim. *See Rodriguez-Isona v. Guarini*, No. 05-69, 2005 WL 2850367, at *3 (E.D. Pa. Oct. 28, 2005)(inmate failed to make an access-to-the-courts claim by alleging that prison had obstructed access to the inmate's legal material causing him to plead guilty under duress when the conviction has not been vacated). We will dismiss this claim without leave to amend since amendment would be futile. *See Alston, supra,* 363 F.3d at 235.

---

[7] *Heck* has been extended to cases seeking declaratory and injunctive relief as well, *see Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)(*Heck* bars a section 1983 action seeking damages and declaratory relief); *Wolfgram v. Wong,* 1995 WL 56597, at *4 (N. D. Cal.) (injunctive and declaratory relief), thereby foreclosing any relief in this civil-rights action.

G. *The Due-Process Claim Based on a Failure
to Give Plaintiff a Timely Disciplinary Hearing*

Plaintiff alleges his due-process rights were violated because "no charges" were ever brought outside the prison and Plaintiff had "no disciplinary hearing until after 60 days." (Am. Compl. ¶ 5).

These allegations are too vague to determine if they state a claim. We cannot tell whether Plaintiff is claiming he was entitled to hearing before being placed in lockdown or whether it relates to discipline imposed upon him unrelated to the lockdown. However, Plaintiff will be granted leave to amend this claim to provide sufficient factual averments concerning his claim he was not given a disciplinary hearing.

IV. Conclusion

The foregoing analysis means that Plaintiff's First Amendment free-exercise claim and conditions-of-confinement claim will proceed except that the defendants may move to dismiss the latter claim. The access-to-the-courts claim will be dismissed without leave to amend and the improper-searches and disciplinary-hearing claims will be dismissed, but with leave to amend these claims.

Plaintiff's second amended complaint need not replead all of his claims, only those we have granted him leave to amend. The second amended complaint shall include any and all defendants whom plaintiff wishes to name in the amended claims and must include allegations of each defendant's personal involvement, along with sufficient factual specificity for each claim. Additionally, the second amended complaint may make a demand for money damages, but this demand must comply with Local Rule 8.1 by not making a demand for a specific sum.

We will issue an appropriate order.[8]

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: March 9, 2010

---

[8] We will dismiss the Dauphin County Prison as a defendant because a county prison does not have the legal capacity to be sued in its own name. *Birckbichler v. Butler County Prison*, __ F. Supp. 2d __, __, 2009 WL 2986611 at *5 (W.D. Pa. 2009) (collecting cases). A proper defendant would be Dauphin County, but the County would not be liable under respondeat superior, only for a policy or custom that caused injury to Plaintiff. *Watson v. Abington Twp.*, 478 F.3d 144, 155 (3d Cir. 2007).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GEORGE A. JOHNSON, :

    Plaintiff :

     :

    vs.          CIVIL NO. 1:CV-09-0267

     :          (Judge Caldwell)

WARDEN DOMINICK DEROSE, et al., :

        Magistrate Judge Carlson

    Defendants :

*O R D E R*

AND NOW, this 9th day of March, 2010, upon consideration of the magistrate judge's report of October 14, 2009, (doc. 30), Plaintiff's objections to the report, and defendants' motion (doc. 19) to dismiss, it is ordered that:

    1. The access-to-the-courts claim is dismissed without leave to amend.

    2. The improper-searches and disciplinary-hearing claims are dismissed, but Plaintiff shall have twenty-one (21) days from the date of this order to file a second amended complaint setting forth these claims with sufficient factual specificity.

    3. The motion to dismiss is denied as to Plaintiff's First Amendment free-exercise claim and conditions-of-confinement claim except that the defendants shall have twenty-one (21) days to file another motion to dismiss challenging the validity of the latter claim on due process grounds.

    4. Defendant Dauphin County Prison is dismissed from this action.

    5. This matter is remanded to the magistrate judge for further proceedings.

                        /s/William W. Caldwell
                        William W. Caldwell
                        United States District Judge