# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE A. JOHNSON,** | : | **CIVIL NO. 1:09-CV-267** |
| **Plaintiff,** | : | |
| v. | : | (Caldwell, J.) |
| **WARDEN DOMINICK DEROSE, et al.,** | : | (Carlson, M.J.) |
| **Defendants.** | : | |

## MEMORANDUM ORDER

Plaintiff George A. Johnson has brought this action under 42 U.S.C. § 1983 against Defendant Dominick DeRose, the warden of the Dauphin County Prison, as well as a number of other employees of the prison, contending that his constitutional rights were violated in a variety of ways during the time he was incarcerated at the prison.

Plaintiff previously moved for the appointment of counsel to represent him in this action (Doc. 41), and we denied this request (Doc. 45) because we had not had a sufficient opportunity to determine whether Plaintiff's claims had any arguable merit, and because Plaintiff was proceeding adequately on his own behalf. (Id.)

Plaintiff has now filed a second motion for the appointment of counsel, which he contends is necessary to assist him in connection with his impending

deposition in this action.[1]  (Doc. 55.)  In this motion, Plaintiff makes a number of confusing assertions in support of his contention that he should be furnished with a lawyer to assist him at his deposition, and for the remainder of this action.  Aside from a general contention that he is uneducated and unskilled in legal matters, Plaintiff also appears to be concerned that the testimony he gives during a civil deposition may be used at a future trial in this case.  Plaintiff also seems to contend that the refusal to appoint pro bono counsel to represent him somehow impairs his right of access to the courts.

As an initial matter, our finding is unchanged that Plaintiff has not demonstrated that he needs counsel to represent him in this case, or – more significantly – that the claims in this case are potentially meritorious so as to warrant the Court's requesting *pro bono* counsel to represent Plaintiff in this action.

Secondly, Plaintiff's contention that his right of access to the courts is impermissibly curtailed or infringed by the absence of court appointed counsel is simply without merit.  As the Third Circuit has explained, although "inmates must be afforded meaningful access to the courts under the First Amendment . . . access

---

[1] In an order entered July 23, 2010, the Court granted Defendants' motion for leave to take Plaintiff's deposition pursuant to Rule 30(a) of the Federal Rules of Civil Procedure.  (Doc. 54.)

to the courts is not the equivalent of access to lawyers in civil cases." Dover v. Diguglielmo, 181 F. App'x 234, 237 n.2 (3d Cir. May 22, 2006). We well appreciate the difficulties that *pro se* litigants face in bringing actions in federal court, but it does not follow that the failure to appoint counsel to represent *pro se* litigants is tantamount to depriving *pro se* litigants of their right to access the courts.

Finally, we note for the Plaintiff something that is relatively obvious: defendants to an action in federal court have a right to prepare their defense against a plaintiff's claims by taking discovery. Cf. Hickman v. Taylor, 329 U.S. 495, 507 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation."). One of the tools at a defendant's disposal, subject to the Court's approval, is to take a plaintiff's oral deposition under oath. See Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988); see also Fed. R. Civ. P. 30(a)(2)(B) (providing that a party must obtain leave of court to take the deposition of a deponent who is confined in prison). The Court has already concluded that Defendants are justified in taking Plaintiff's deposition in this case, and we have entered an order authorizing them to do so. (Doc. 45.) It is of course true that the evidence that Plaintiff gives may well be used during any future trial in this case, but that is one of the central purposes of civil discovery,

3

notwithstanding a plaintiff's reluctance to testify under oath or to discuss private matters on the record. See Hicks, 850 F.2d at 156 ("[The defendant] has a right to establish the facts concerning [the plaintiff's] treatment at DSH and the events surrounding his confinement there. Although we sympathize with [the plaintiff's] reluctance to recount the facts surrounding his incarceration at DSH, he is the plaintiff and must prove his case, as well as give the defendant an opportunity to prepare against it.").

It is expected that Plaintiff will comply with any deposition that has been scheduled in this matter. We are constrained to note that in the event that Plaintiff declines to attend or participate in his deposition, sanctions may be appropriate, including the potential dismissal of this action. See, e.g., Hicks, 850 F.2d at 156 (affirming the dismissal of an action as a result of plaintiff's persistent refusal to comply with the discovery process, including his refusal to attend depositions).

For the foregoing reasons, IT IS HEREBY ORDERED THAT Plaintiff's renewed motion for the appointment of counsel is DENIED.

        */s/ Martin C. Carlson*
        Martin C. Carlson
        United States Magistrate Judge

Dated:      August 12, 2010